UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - :
UNITED STATES OF AMERICA       :
                               :
        v.                     :    CR No. 09-027-S
                               :
PASQUALE SCAVITTI              :
- - - - - - - - - - - - - - - - :

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Pasquale A. Scavitti has filed a motion to vacate, set aside, or correct his sentence, pursuant 28 U.S.C. § 2255 (ECF No. 23) in the above-captioned matter.[1]  For the reasons that follow, the motion is denied.

I.   Factual Background

On June 9, 2009, Scavitti pled guilty to a one-count Information, charging him with wire fraud, in violation of 18 U.S.C. § 1343.   The offense involved Scavitti's misappropriation, for his own personal use, of escrow funds intended to pay off mortgage loans and other debts incident to real estate sales transactions, in which he participated as a real estate attorney and escrow agent.  Scavitti was represented by counsel throughout all proceedings before this Court.

_____

[1] Scavitti's filing is entitled "Motion and Memorandum Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (ECF No. 23) (hereinafter "Motion to Vacate").

Pursuant to his plea agreement, Scavitti agreed that the amount of the loss resulting from his offense was approximately $2.5 million. (Plea Agreement ¶ 4, ECF No. 2.) Scavitti also agreed to waive his right to appeal his sentence if his sentence was within the applicable guideline range. (Id. ¶ 13.)

The Presentence Report (PSR) prepared by the U.S. Probation Office found a sentencing guideline range of 51-63 months, based on a net Offense Level of 24 and a Criminal History Category I. (See PSR ¶ 64.) Prior to sentencing, Scavitti submitted a letter to this Court admitting his guilt and expressing remorse for his offense.

At the sentencing hearing on December 1, 2009, this Court heard and denied Scavitti's request, through counsel, that he be permitted to serve his sentence in home confinement. This Court thereupon sentenced Scavitti to 42 months imprisonment -- nine months below the low end of the guideline range -- followed by five years of supervised release, which is to include, inter alia, 200 hours of community service each year. The Court also ordered him to pay $2,496,812.02 in restitution to the victims of his offense. (Am. Judgment 2-5, ECF No. 21.) Scavitti did not appeal.

Thereafter, Scavitti timely filed the instant motion to vacate his sentence, seeking to serve the remainder of his term

of imprisonment in home confinement.  The Government has opposed

the motion, and the matter is ready for decision.

II.  Discussion

A.    Availability of § 2255 Remedy

Generally, the grounds justifying relief under 28 U.S.C. §

2255[2] are limited.   A court may grant such relief only if it

finds   a   lack   of   jurisdiction,   constitutional   error,   or   a

fundamental error of law.   See United States v. Addonizio, 442

U.S. 178, 184-85 (1979).   A fundamental error of law is a defect

"'which inherently results in a complete miscarriage of justice'

or 'an  omission  inconsistent  with  the  rudimentary  demands  of

fair procedure.'"   Knight v. United States, 37 F.3d 769, 772

(1st Cir. 1994) (quoting Hill v. United States, 368 U.S. 424,

428 (1962)); see also Addonizio, 442 U.S. at 185 ("[A]n error of

law does not provide a basis for collateral attack unless the

claimed error constituted a fundamental defect which inherently

---

[2] Title 28 U.S.C. § 2255 provides in pertinent part:

A  prisoner  in  custody  under  sentence  of  a  court
established by Act of Congress claiming the right to
be  released  upon  the  ground  that  the  sentence  was
imposed in violation of the Constitution or laws of
the  United  States,  or  that  the  court  was  without
jurisdiction  to  impose  such  sentence,  or  that  the
sentence  was  in  excess  of  the  maximum  authorized  by
law,  or  is  otherwise  subject  to  collateral  attack,  may
move  the  court  which  imposed  the  sentence  to  vacate,
set aside or correct the sentence.

28 U.S.C. § 2255(a).

results in a complete miscarriage of justice.") (internal citation and quotations omitted). Sentencing error claims are generally not cognizable in a § 2255 proceeding, absent "exceptional circumstances." Knight, 37 F.3d at 773-74.

Scavitti asserts that he should be permitted to serve the remainder of his term of imprisonment in home confinement based on family needs, his status as a first-time offender, rehabilitative conduct, and other factors. (Motion to Vacate at 3-8, 17.) By his own acknowledgment, Scavitti does not challenge the constitutionality, legality, or duration of his sentence or raise any other fundamental error in his proceedings. (Id. at 17.) Rather, he seeks only to alter the location of his confinement. Thus, Scavitti's claim does not fall within any of the grounds for relief enumerated in § 2255.

Moreover, Scavitti presented all of these factors to this Court in connection with the same request at his original sentencing. This Court's refusal to accede to that request does not come close to constituting a fundamental error or a miscarriage of justice, so as to warrant relief under this provision. Thus, relief is unavailable under § 2255.

B.    Alternate Ground for Relief

A request to modify a sentence to home confinement is governed by 18 U.S.C. § 3582. In re Morris, 345 Fed. Appx. 796,

4

797 (3d Cir. 2009); <u>United States v. Wickett</u>, No. CR-08-18-B-W, 2010 WL 1500880, at *1 (D. Me. Apr. 13, 2010). Even if Scavitti's motion to vacate were re-characterized as a motion to modify sentence under 18 U.S.C. § 3582, he is not entitled to relief.

Federal law provides that "a sentence cannot be modified once imposed" except under very limited circumstances. <u>United States v. Cardosa</u>, 606 F.3d 16, 19 (1st Cir. 2010) (citing <u>United States v. Jordan</u>, 162 F.3d 1, 2-3 (1st Cir. 1998)); <u>see</u> <u>United States v. Griffin</u>, 524 F.3d 71, 83 (1st Cir. 2008) ("Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)."). In <u>In re Morris</u>, the Third Circuit noted that under 18 U.S.C. § 3582(c),

> those circumstances are: (1) when the Director of the Bureau of Prisons moves for a reduction in the term of imprisonment on the basis of what is sometimes called the "compassionate relief" provisions [18 U.S.C § 3582(c)(1)(A)]; (2) when Federal Rule of Criminal Procedure 35 permits such modification [18 U.S.C § 3582(c)(1)(B)]; or (3) when the sentencing range under which a defendant was sentenced has subsequently been lowered by the Sentencing Commission [18 U.S.C § 3582(c)(2)].

345 Fed. Appx. at 797-98.

None of these criteria apply here.[3] It follows that this Court does not have the authority to grant the relief requested. See Wickett, 2010 WL 1500880, at *1.

Moreover, even if the Court could grant the relief requested, Scavitti has not made a sufficient showing that it is warranted. As noted above, Scavitti made a similar request to serve his sentence in home confinement at the time of his original sentencing and tendered a number of letters in support of that request. This Court, after consideration, denied that request for reasons stated in open court. Here, he proffers the same considerations concerning the need, and his desire, to provide economic and moral support and care to his wife, children, and parents. While this Court recognizes and acknowledges these considerations, they do not warrant relief. Similarly, Scavitti's efforts at rehabilitation and progress in prison, while admirable, are likewise insufficient to alter his punishment.

---

[3] The provisions of Fed. R. Crim. P. 35 are clearly inapplicable here. Rule 35(a) provides for modifying or correcting an arithmetical, technical, or other clear error in a sentence within 14 days (formerly 7 days) of imposition. Rule 35(b) provides for modification at the request of the Government based on substantial assistance.

III. Conclusion

For the foregoing reasons, Scavitti's motion to vacate or modify his sentence under § 2255 is hereby DENIED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts, the Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Scavitti has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Scavitti is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED:


/s/ William E. Smith
William E. Smith
United States District Judge
Date: August 11, 2011